## HALL *v.* BROWN.

A claim for costs is not barred by a discharge in bankruptcy granted during the pendency of the action in which the costs accrued.

The court will not ordinarily order a judgment as of a prior term to enable the debtor to plead a discharge in bankruptcy.

CASE, for negligence. The action was entered March term, 1873, and March term, 1876, the defendant had a verdict. November 26, 1878, the plaintiff was granted a discharge in bankruptcy. Judgment on the verdict was ordered at the law term in March, 1877, but was not ordered at the trial term till March, 1879, and has not yet been rendered. When judgment was ordered in March, 1879, the court ruled that the plaintiff's discharge did not bar the defendant's right to costs; and the plaintiff excepted.

*Carpenter* and *Bingham & Mitchell*, for the plaintiff.

*Ray, Drew & Jordan*, for the defendant.

STANLEY, J. By the discharge, the plaintiff was released from all debts provable against him, except those created by his fraud, or embezzlement, or by his defalcation as a public officer, or while acting in any fiduciary character. All the debts existing against him at the commencement of proceedings in bankruptcy, whether then payable or not, were provable. U. S. Rev. St. 992, 993, ss. 5067, 5117, 5119.

The action was pending when the plaintiff's discharge was granted. No judgment had then been rendered, and whether the defendant would recover cost was not decided. There was then no debt which was provable against the plaintiff. The defendant did not become entitled to costs until the final order of the court for judgment. Until then it was an open question which party, if either, would recover costs, for the verdict might have been set aside, and the plaintiff might have prevailed in the end; and, even if the defendant finally prevailed, it was within the power of the court to allow full costs, or limit or deny them. *Hollister* v. *Abbott*, 31 N. H. 442. It is argued that it was within the power of the court to order judgment as of a term prior to the discharge, and *Blaisdell* v. *Harris*, 52 N. H. 191, is cited in support of this view. This was a suit to collect a debt, and, the defendant having died, the motion was for a judgment as of a term prior to the death. The court granted it on the ground that justice required it. This case stands on different grounds. Here the object is to enable the plaintiff to release himself from a valid claim against him. For

such a purpose the court will not lend its aid.  *Heywood* v. *Wingate*, 14 N. H. 73; *Goodall* v. *Batchelder*, 17 N. H. 386.

*Exceptions overruled.*

BINGHAM and SMITH, JJ., did not sit: the others concurred.